CLERK'S OFFICE
A TRUE COPY
Jan 22, 2025
s/ MMK
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of *(Briefly describe the property to be searched or identify the person by name and address)* An Apple iPhone 14 Pro, assigned call number (425) 873-4676, IMEI "352130214482324", and Device ID "89148000008789059676" further described in Attachment A | Case No. 25-M-320 (SCD) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the **Eastern** District of **Wisconsin**
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before **2-5-25** *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m. ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to **Hon. Stephen C. Dries**.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: **1-22-25. 10:45 am**
*Judge's signature*

City and state: **Milwaukee, Wisconsin**  Hon. Stephen C. Dries, U.S. Magistrate Judge
*Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

| **Certification** |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.<br><br>Date: _____<br><br>_____<br>*Executing officer's signature*<br><br>_____<br>*Printed name and title* |

# ATTACHMENT A – MATTER NO. 2025R00012

## Property to Be Searched

The property to be searched is:

> The cellular device, in evidence at the FBI Milwaukee Field Office at 3600 S Lake Dr, St Francis, WI 53235, an Apple iPhone 14 Pro, assigned call number (425) 873-4676, IMEI "352130214482324", and Device ID "89148000008789059676".

This warrant authorizes the examination of the Target Phone's electronically stored information for the purpose of identifying the information described in Attachment B.

# ATTACHMENT B – MATTER NO. 2025R00012

1. All records in the electronically stored information of the Target Phone described in Attachment A that relate to violations of 18 U.S.C. § 793 (gathering, transmitting or losing defense information), and 18 U.S.C. § 795 (photographing and sketching defense installations), committed by Gerrson Daneri Arzu-Arriola (DOB: 11/28/1988), including:

   a. The existence, scope, nature, and overt acts in furtherance of the conspiracy and the identity of any co-conspirators;

   b. lists of potential individuals and groups interested in the gathered information, and related identifying information;

   c. types, amounts, and prices of transactions related to disseminating the gathered information, as well as dates, places, and amounts of specific transactions;

   d. any information related to sources of drugs or firearms (including names, addresses, phone numbers, or any other identifying information);

   e. any information related to Gerrson Daneri Arzu-Arriola's sale, transmission, or reason to possess ITAR-controlled defense information;

   f. any information about United States Naval ships;

   g. any information recording Gersson Daneri Arzu-Arriola's schedule or travel to the present;

h. all bank records, checks, credit card bills, account information, and other financial records relevant to the sale, transfer, or gathering of ITAR-controlled defense information;

i. any information related to the solicitation or recruitment of Gersson Daneri Arzu-Arriola to aid, or assist in the transfer, sale, or gathering of ITAR-controlled defense information;

j. The relevant offense conduct, any preparatory steps taken in furtherance of the scheme, communications between the suspect and others related to the relevant offense conduct in the above-listed crimes; and

k. Evidence indicating the device user's state of mind as it relates to the crime under investigation.

2. Evidence of user attribution showing who used or owned the Target Phone at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

CLERK'S OFFICE
A TRUE COPY
Jan 22, 2025
s/ MMK
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

An Apple iPhone 14 Pro, assigned call number (425) 873-4676, IMEI "352130214482324", and Device ID "89148000008789059676" further described in Attachment A

Case No. 25-M-320 (SCD)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the **Eastern** District of **Wisconsin**, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 793 | Gathering, transmitting or losing defense information |
| 18 U.S.C. § 795 | Photographing and sketching defense installations |

The application is based on these facts:
See attached Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Liam Starr, FBI Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by **telephone** *(specify reliable electronic means)*.

Date: 1-22-25

*Judge's signature*

City and state: Milwaukee, Wisconsin

Honorable Stephen C. Dries, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF

# AN APPLICATION FOR A SEARCH WARRANT

I, Liam Starr, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing a supplemental examination and extraction of electronically stored information described in Attachment B, previously extracted from an electronic device. The device is currently in law enforcement possession.

2. On August 5, 2024, Gersson Daneri Arzu-Arriola (DOB: 11/28/1988) was arrested. He then provided the pin to his iPhone14 Pro, which was seized during a search incident to that arrest. The pin was provided to Diplomatic Security Service Special Agent Erik Nygren. The phone is assigned call number (425) 873-4676, was in evidence as DSS Evidence Control Number 23DSO0003-P011, and has been transferred to the FBI Milwaukee Field Office at 3600 S Lake Dr, St Francis, WI 53235. While reviewing data on the phone, investigators discovered between 40-60 photographs of defense information that appeared to violate International Traffic in Arms Regulations. The matter was, therefore, referred to the Naval Criminal Investigative Service. The Government now seeks a warrant to examine forensic extraction of the Target Phone for communications related to, and transmission of the photographs described above, for evidence of violations of 18 U.S.C. § 793 (gathering, transmitting or losing defense information), and 18 U.S.C. § 795 (photographing and sketching defense installations).

## AGENT BACKGROUND

3. I am employed as a Special Agent with the United States Department of Justice's Federal Bureau of Investigation ("FBI") assigned to the Milwaukee Field Office since July 2023. I have been employed as a full-time law enforcement officer for approximately two years. I have

received training at the Federal Bureau of Investigation National Academy in Quantico, Virginia. I attended FBI Counterintelligence Investigations and Operations and Espionage training courses. I have received training in the investigation of technology transfer. Prior to becoming a Special Agent with the FBI, I received two bachelor's degrees from Michigan State University in the fields of Political Theory & Constitutional Democracy, and International Relations.

4. I have received training in the investigation of espionage and technology transfer. Based on my training, experience, and participation in espionage and technology transfer investigations, I know or have observed the following:

   a. I know that sensitive information is often captured and transmitted using electronic equipment; and

   b. I also know that espionage subjects may keep photographs of these items on electronic devices.

5. I have participated in multiple espionage and technology transfer investigations involving the seizure of computers, cellular phones, cameras, and other digital storage devices, and the subsequent analysis of electronic data stored within these computers, cellular phones, cameras, and other digital storage devices. This electronic data has provided evidence of the crimes being investigated and corroborated information already known or suspected by law enforcement. I have regularly used electronic evidence to find proof relating to the commission of criminal offenses, including intent, motive, manner, means, and the identity of suspects and conspirators.

6. I am familiar with computers, cellular devices, pagers, and other electronic media or electronic storage devices and their uses by espionage subjects to communicate with customers, co-conspirators, and handlers. These devices often contain evidence of illegal activities in the form of communication records, voicemail, email, text messages, video and audio clips, location

information, business records, and transaction records. I know espionage subjects take, store, preserve, or maintain photographs or videos of themselves, their associates, their property. These espionage subjects usually maintain these photographs or videos on computers, cellular devices, and other electronic media or electronic storage devices.

7. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other investigators and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

8. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 793 (Gathering, transmitting or losing defense information), and 18 U.S.C. § 795 (Photographing and sketching defense installations), have been committed by Gersson Daneri Arzu-Arriola (DOB: 09/23/1999), and that there is also probable cause to search the forensic extraction of the Target Phone, as described below and in Attachment A, for evidence of these crimes, as described in Attachment B.

## ITEM TO BE SEARCHED

9. The cellular device, in evidence at the FBI Milwaukee Field Office at 3600 S Lake Dr, St Francis, WI 53235, a black Apple iPhone 14 Pro, assigned call number (425) 873-4676.

## PROBABLE CAUSE

10. On May 8, 2024, ARZU-ARRIOLA obtained a Texas Identification Card in the name of B.M., herein referred to as "VICTIM 1" and provided his contact cellular phone number as 425-873-4676 while completing the application.

11. On December 31, 2024, Customs and Border Protections Special Agent Joseph Zuraw, assigned as a Task Force Officer to FBI Milwaukee Field Office, confirmed that ARZU-ARRIOLA has never been issued a Permanent Resident Card or employment authorization, and he has no record of legally entering the United States.

12. Department of Justice, and Customs and Border Protection records state ARZU-ARRIOLA's country of birth and citizenship as Honduras.

13. ARZU-ARRIOLA provided phone number 425-873-4676 as his contact phone number on the fraudulent DS-11 Application #450157047 submitted on May 31, 2023.

14. On July 23, 2024, ARZU-ARRIOLA was indicted in the Western District of Michigan, Case No. 2:24-CR-18 with violating 18 U.S.C. § 1542 (False Statement in Passport Application) and 42 U.S.C. § 408(a)(7)(B) (Misuse of Social Security Account Number) and an arrest warrant was issued for ARZU-ARRIOLA.

15. ARZU-ARRIOLA is known to have resided at the Jetstream RV Resort in Houston, Texas between November 2023 and June 2024 based on interviews conducted by DSS agents with the property manager and documents submitted by ARZU-ARRIOLA to obtain his Texas Identification Card. Call records obtained from Verizon show calls placed between 425-873-4676 and the Jetstream RV Resort during that time.

16. Verizon subpoena records obtained by DSS show that the same subscriber was associated with the account assigned number 425-873-4676 at the times when ARZU-ARRIOLA utilized it on the passport application, used it to obtain a Texas ID, and when records were obtained by investigators.

17. These facts constitute probable cause that ARZU-ARRIOLA is a primary user of the Target Cell Phone and was the primary user of this phone number from 2023 until his arrest.

18. Verizon provided subpoena records obtained by DSS pertaining to the account associated with the dialing number 425-873-4676 which show an International Mobile Equipment Identity or "IMEI" of 352130214482324 associated with an iPhone 14 Pro device that utilizes this number.

19. "Victim 1" is currently incarcerated for drug offenses in New Jersey, which led DSS to its conclusion that a different person had used Victim 1's identity to apply for a U.S. Passport in Michigan, and work in Marinette, Wisconsin between 2021 and 2023.

20. On December 6, 2024, DSS Special Agent Erik Nygren contacted NCIS Special Agent Christopher Godfroy assigned as a Task Force Officer to the FBI Detroit Field Office, to notify him that over 50 photographs containing exterior shots of a Littoral Combat class vessel, blueprints for the construction of the vessel, and receiving invoices for manufacturing parts of the vessel were discovered in a review of ARZU-ARRIOLA's iPhone 14 Pro.

21. An additional photo found on ARZU-ARRIOLA's iPhone 14 Pro displays an employee identification card for "Victim 1" at Cleared Defense Contractor Fincantieri Marinette Marine, located in Marinette, Wisconsin. The facial profile on the employee identification card matches ARZU-ARRIOLA.

22. NCIS contacted Fincantieri Marinette Marine to obtain additional information. Fincantieri Marinette Marine informed NCIS the photographs were of the Multi Mission Surface Combatant Ship, based on the Navy's Freedom Class Littoral Combat Ship, in a contract between the U.S. Navy and Saudi Royal Navy.

23. Fincantieri Marinette Marine has classified contracts with the U.S. Navy and U.S. Coast Guard for vessels including the Littoral Combat Ship.

24. On December 13, 2024, FBI Detroit referred the matter to FBI Milwaukee Field Office, which has jurisdiction over the area in which Fincantieri Marinette Marine is located.

25. Given the quantity and restricted nature of photographs taken and possessed by ARZU-ARRIOLA, the photographs being stored on ARZU-ARRIOLA's cellular device, and ARZU-ARRIOLA's lack of legal U.S. citizen status, the FBI opened an investigation into whether the photographs were obtained under the control or aid foreign entity, transmitted to a foreign entity or gathered to publicly degrade U.S. defense systems.

26. Based upon my training and experience and the evidence set forth above, I believe probable cause exists to search the electronically stored information described in Attachment A for evidence of violations of 18 U.S.C. § 793 (gathering, transmitting, or losing defense information), and 18 U.S.C. § 795 (photographing and sketching defense installations).

## **TECHNICAL TERMS**

27. Based on my training and experience, I use the following technical terms to convey the following meanings:

   a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still

photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

  b. Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

  c. Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

  d. GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some

GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

      e.     PDA: A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

      f.     IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of

four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

      g.      Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

28. Based on my training, experience, and research, I know that the Target Phone has capabilities that allow it to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

29. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

30. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence

of the crimes described on the warrant, but also forensic evidence that establishes how the Target Phone was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Target Phone because:

    a.    Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

    b.    Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

    c.    A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

    d.    The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

31. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the supplemental examination of the electronically stored information from the previously conducted forensic extraction of the Target Phone.

32. *Manner of execution.* Because this warrant seeks only permission to examine the electronically stored information previously extracted from the Target Phone, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

33. I submit that this affidavit supports probable cause for a search warrant authorizing the supplemental examination of the electronically stored information previously extracted from the Target Phone, as described in Attachment A, to seek the items described in Attachment B.

# ATTACHMENT A – MATTER NO. 2025R00012

## Property to Be Searched

The property to be searched is:

The cellular device, in evidence at the FBI Milwaukee Field Office at 3600 S Lake Dr, St Francis, WI 53235, an Apple iPhone 14 Pro, assigned call number (425) 873-4676, IMEI "352130214482324", and Device ID "89148000008789059676".

This warrant authorizes the examination of the Target Phone's electronically stored information for the purpose of identifying the information described in Attachment B.

# ATTACHMENT B – MATTER NO. 2025R00012

1. All records in the electronically stored information of the Target Phone described in Attachment A that relate to violations of 18 U.S.C. § 793 (gathering, transmitting or losing defense information), and 18 U.S.C. § 795 (photographing and sketching defense installations), committed by Gerrson Daneri Arzu-Arriola (DOB: 11/28/1988), including:

   a. The existence, scope, nature, and overt acts in furtherance of the conspiracy and the identity of any co-conspirators;

   b. lists of potential individuals and groups interested in the gathered information, and related identifying information;

   c. types, amounts, and prices of transactions related to disseminating the gathered information, as well as dates, places, and amounts of specific transactions;

   d. any information related to sources of drugs or firearms (including names, addresses, phone numbers, or any other identifying information);

   e. any information related to Gerrson Daneri Arzu-Arriola's sale, transmission, or reason to possess ITAR-controlled defense information;

   f. any information about United States Naval ships;

   g. any information recording Gersson Daneri Arzu-Arriola's schedule or travel to the present;

h. all bank records, checks, credit card bills, account information, and other financial records relevant to the sale, transfer, or gathering of ITAR-controlled defense information;

i. any information related to the solicitation or recruitment of Gersson Daneri Arzu-Arriola to aid, or assist in the transfer, sale, or gathering of ITAR-controlled defense information;

j. The relevant offense conduct, any preparatory steps taken in furtherance of the scheme, communications between the suspect and others related to the relevant offense conduct in the above-listed crimes; and

k. Evidence indicating the device user's state of mind as it relates to the crime under investigation.

2. Evidence of user attribution showing who used or owned the Target Phone at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.